IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JARVIS M. TILLMAN, (SPN #02177188) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-19-0471 |
| J. HENDERSON, et al., Defendants. | § § § § | |

**ORDER REGARDING MOTION TO PROCEED IN FORMA PAUPERIS**

The Court has considered the plaintiff's second Application for Leave to Proceed In Forma Pauperis, (Docket Entry No. 9). The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners filing lawsuits to pay an initial partial filing fee. The Act also requires prisoners to pay the balance of the full filing fee of $350. On March 7, 2019, the plaintiff filed a motion to dismiss, stating that this Court had denied his application to proceed as a pauper and that he could not afford to litigate this Civil Action.

On February 25, 2019, this Court denied the plaintiff's first application to proceed as a pauper without prejudice to reconsideration after compliance with the Notice of Deficient Pleading. (Docket Entry No. 5). The plaintiff has complied with the Notice of Deficient Pleading by submitting certified inmate account information. The Court denies the plaintiff's motion to dismiss, (Docket Entry No. 10), without prejudice. The Court wishes to ensure that plaintiff understands that the prior denial of his motion for pauper status was without prejudice. If the plaintiff still does not wish to litigate this action, he can complete the attached motion for voluntary dismissal.

The Court ORDERS that:

1. The application for leave to proceed in forma pauperis is GRANTED.

2. The plaintiff is not assessed an initial partial filing fee because he lacks the requisite funds.

3. The plaintiff shall pay $350.00, the balance of the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of plaintiff shall collect this amount from the plaintiff's trust account and forward it to the Court.

4. The plaintiff is responsible for signing all consents and other documents required by the agency to authorize the necessary withdrawals from the plaintiff's inmate trust account.

5. Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

6. No amendments or supplements to the complaint will be filed without prior Court approval. A complete amended complaint will be attached to any motion to amend.

7. All discovery in this case is stayed until the Court enters an order to answer.

8. No motions for appointment of counsel shall be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

9. The plaintiff must notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

NOTICE TO THE PLAINTIFF:

A. Although you have been granted permission to proceed as a pauper, you must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b). If you do not wish to pay the full filing fee, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute this civil action. You may use the attached motion to notify the Court. Your notice must be mailed within 30 days of the date of entry of this order.

B. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals in forma pauperis unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

C. State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, Institutional Division, which is dismissed as frivolous or malicious if there are any such prior dismissals. Tex. Gov't Code Ann. § 498.0045 (West 1999).

The plaintiff's Application to Proceed In Forma Pauperis, (Docket Entry No. 9), is GRANTED. The plaintiff's motion for voluntary dismissal, (Docket Entry No. 10), is DENIED without prejudice for the reasons previously stated.

The Clerk of Court must send a copy of this Order to Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546.

SIGNED at Houston, Texas, on __**MAR 1 3 2019**__

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JARVIS M. TILLMAN, (SPN #02177188)<br>Plaintiff,<br><br>vs.<br><br>J. HENDERSON, et al.,<br>Defendants. | § § § § § § § § § | CIVIL ACTION H-19-0471 |

**MOTION FOR VOLUNTARY DISMISSAL**

I, _____, the plaintiff, seek voluntary dismissal under Rule 41(a), Fed. R. Civ. P. because I do not want to pay the filing fee in this case.

_____
Plaintiff

_____
Date